## UNITED STATES COURT OF INTERNATIONAL TRADE

*Before:* **The Honorable Chief Judge Mark A. Barnett**

| | |
|---|---|
| Optima Steel International LLC, ) | |
| Plaintiff, ) | Court No. 21-00062 |
| v. ) | Confidential Information Contained in Appendix |
| United States, ) | |
| Defendant. ) | |

### UNOPPOSED MOTION TO ACCEPT PROPOSED AMENDED COMPLAINT

Pursuant to Rule 15(a)(2) of the Rules of the Court of International Trade and Administrative Order 02-01, Plaintiff, Optima Steel International LLC ("Optima") respectfully requests that the Court accept as filed the proposed Amended Complaints at ECF Nos. 20 and 21. Pursuant to Rule 7(f), counsel for Optima sought the consent of counsel for Defendant. On June 8, 2021, Defendant's counsel responded by email and declined to consent, asking that the Defendant's position be indicated as "deferring to the court's discretion."

With respect to Paragraph 4(d)(i) of Administrative Order 02-01 and the practice comment regarding the procedures for amending pleadings, Optima has appended a list of each amendment and a redline version of those amendments including that added exhibits. Due to the voluminous nature of the complaint, and in the interest of avoiding cluttering the docket, we refer the proposed amended complaint docketed as ECF Nos. 20

and 21 regarding Paragraph 4(d)(i)(2) of Administrative Order 02-01 which directs the moving party to file the complete amended document.

Rule 15(a)(2) states that:

"a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The instant amendment is warranted under these rules because it corrects certain inadvertent wrong statements set forth in the original Complaint, and in so doing will clarify a key jurisdictional issue about which the Defendant has expressed concern. Specifically, the Amended Complaint details that the protest at issue in this appeal was actually denied on October 16, 2020 (rather than April 2020) and thus the summons filed in this action was timely. The Amended Complaint sets for specific facts and references Defendant's own documents that, taken together, make clear that the Customs and Border Protection ("CBP") actually denied the protest at issue in October 2020.

It is the understanding of undersigned counsel that Defendant sought a lengthy extension of time to file its answer on the basis that it required additional time to consider the issue of when the protest at issue was actually denied that, according to Defendant potentially raised jurisdictional concerns. Optima submits that the amendments to the complaint will clarify the facts surrounding Defendant's jurisdictional concern, aid in the speedy resolution of this matter, and obviate the need for any additional extensions of time for the government to respond.

We recognize that the evidence being provided with the Amended Complaint could be placed before the Court through discovery or a subsequent amendment to the

complaint as a matter of course but one of Optima's core points in this case is that CBP appears to have made a simple mistake. Drawing out this litigation will not alter that substantive point and will delay the resolution of this matter, increase the time Optima is without its rightful refunds, and generally contribute to the backlog at the Court.

In addition, Optima will have an opportunity to file an amended complaint as a matter of course pursuant Rule 15(a)(1)(B) when Defendant files its answers or one of the other types of motions identified in that rule. As a result, accepting this amendment *now* will only bring forward a procedural opportunity that Optima already has and will support Optima's efforts to proceed to the merits expeditiously.

Optima further notes that accepting this filing now need not further delay the filing of Defendants responsive pleading. Under Rule 15(3), responsive pleadings to amended complaints "will be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later" unless the court order otherwise. Defendant's answer is currently due on July 2, 2021. As a result, the Court need not disturb its already established deadline if it grants leave for the proposed amended complaint to be filed.

- 4 -

For these reasons, we respectfully request that the Court give leave to file the amended complaint and enter the attached proposed order.

                                                      Respectfully submitted,

                                                     /s/Daniel L. Porter
                                                   Daniel L. Porter

                                                   **Curtis, Mallet-Prevost, Colt & Mosle LLP**
                                                   1717 Pennsylvania Ave, NW
                                                 Washington, DC 20002
                                                 (202) 452-7340
                                                 dporter@curtis.com

June 9, 2021